## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **EPICREALM LICENSING, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | **2:05-CV-163-DF** |
| | § | |
| **AUTOFLEX LEASING, INC., et. al.,** | § | |
| | § | |
| **Defendants.** | § | |

| | | |
|---|---|---|
| **EPICREALM LICENSING, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | **2:05-CV-356-DF** |
| | § | |
| **FRANKLIN COVEY CO., et. al.,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

This matter comes before the Court on Defendant Pink Sheets LLC's Motion to Dismiss Plaintiff EpicRealm's Complaint (Doc. No. 40). This matter was referred United States Magistrate Judge Caroline M. Craven to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Report and Recommendation was entered on May 16, 2006, recommending that Defendants' motion be granted (Doc. No. 179). Plaintiff filed objections to the report and recommendation on May 31, 2006 (Doc. No. 184).

On matters referred to the magistrate under 28 U.S.C. § 636(b), the district court makes a *de novo* determination of those parts of the magistrate's report, findings, or recommendations to which timely objection is made. 28 U.S.C. § 636(b)(1); *Garcia v. Boldin,* 691 F.2d 1172, 1179 (5th Cir. 1982). The district court may accept, reject, or modify in whole or in part, the magistrate's findings

or recommendation. *Id.* at 1179. Upon a *de novo* review, and after reviewing all relevant pleadings, the Court finds Defendant's motion to should be granted. Accordingly, the Court adopts Judge Craven's Report and Recommendation in its entirety, subject to any additional findings and modification herein. Notwithstanding, in accordance with the precedent in this circuit, the Court addresses those issues raised by Defendant's objections below.

A federal court may only exercise jurisdiction over a nonresident corporate defendant to the extent allowed under state law. *See Alpine View Co. Ltd. v. Atlas Copco AB,* 205 F.3d 208, 214 (5th Cir.2000). It has been held that the reach of the Texas long-arm statute is equivalent to that of the United States Constitution. *Id.* Thus, the question before the court is whether the exercise of personal jurisdiction over the defendant would offend the Due Process clause of the Fourteenth Amendment. *Id.*; *see also* Tex. Civ. Prac. & Rem.Code Ann. § 17.042 (Vernon 1997).

The Due Process clause allows a court "the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protection of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Alpine View Co. Ltd.,* 205 F.3d at 215 (citations omitted). The defendant's demeanor and connections with the forum state must demonstrate that the defendant should reasonably anticipate being haled into court in the forum state. *See Holt Oil & Gas Corporation v. Harvey,* 801 F.2d 773, 777 (5th Cir.1986), *cert. denied,* 481 U.S. 1015 (1987). Thus, to exercise personal jurisdiction, the court must examine the relationship among the defendant, the forum, and the litigation to determine whether maintaining the suit offends traditional notions of fair play and substantial justice. *See Shaffer v. Heitner,* 433 U.S. 186, 204 (1977).

The personal jurisdiction analysis is subdivided into an analysis of the minimum contacts that

give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction. *See Wilson v. Belin,* 20 F.3d 644, 647 (5th Cir. 1994). Here, Plaintiff only asserts specific jurisdiction over Pink Sheets. Specific jurisdiction is appropriate where the corporation has purposefully directed its activities at the forum state and the "litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984)).

The contacts that may be considered for purposes of evaluating specific personal jurisdiction are limited to those that give rise to or directly relate to the underlying claim of the lawsuit. *Red Wing Shoes Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed. Cir. 1998). And this applies equally to the option of a website. That is, when a defendant's website is asserted to avail the court of specific personal jurisdiction, the website must be directly related to the underlying claim. Here, the grounds relied on by Plaintiff for specific jurisdiction amount to nothing more than Pink Sheets' general contacts with Texas, which are too far removed from Plaintiff's patent infringement claims. Thus, the Court cannot conclude that specific jurisdiction is established.

Accordingly, The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. The Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Therefore, it is hereby

**ORDERED** that Plaintiff's above-entitled and numbered cause of action against Pink Sheets LLC is hereby **DISMISSED WITHOUT PREJUDICE**.

**SIGNED this 12th day of July, 2006.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE